GEORGE R. READ & COMPANY, Respondent, *v*. HENRY C. STURGES, Appellant.

First Department, February 23, 1917.

Principal and agent — broker's actions for commissions — proof not justifying recovery — lease based partially on services of third person not produced by plaintiff.

Action by a corporation engaged in the business of real estate brokerage to recover commissions for services alleged to have been rendered by its employee in connection with procuring a lease of the defendant's lands. Evidence examined, and *held*, insufficient to justify a recovery.

Even if it should be deemed that the plaintiff represented the defendant in procuring the lease, it failed to produce a person able to carry out the contract where the actual contract upon which the lease was based required the performance of personal services by a third party not produced by the plaintiff.

Nor can the plaintiff recover when the party it produced was not financially able to carry out the contract.

APPEAL by the defendant, Henry C. Sturges, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of April, 1916, upon the verdict of a jury rendered by direction of the court.

*John C. O'Conor*, for the appellant.

*M. Linn Bruce*, for the respondent.

PAGE, J.:

The plaintiff is a domestic corporation engaged in the real estate brokerage business, and brought this action to recover

for services alleged to have been rendered on and before the 19th day of March, 1915, at the instance and request of the defendant as a real estate broker in connection with the leasing of premises in the city of New York.

The facts in the case are that in the spring of 1912 one Wilson, an employee of the plaintiff, desiring to secure a lease of two houses for a customer, to be altered into business properties, called upon the defendant and asked whether he would sell or lease his house. Defendant replied that he preferred to sell, but would lease it, and referred Wilson to his attorney, Mr. O'Conor. Wilson took up the negotiation with O'Conor, but the matter was abandoned because the owner of the adjoining house would not go into the transaction. Wilson, however, entered the defendant's property on the plaintiff's book as property for sale or lease. About two years later, in December, 1914, one Quick, an employee of the plaintiff, called the property to the attention of Edward B. Shearer, a regular customer of the plaintiff, whose business was securing available property and changing it from residential into business houses. In negotiation with Shearer a proposition was prepared and submitted to Mr. O'Conor. Early in January, 1915, Shearer and Quick went to O'Conor's office to discuss the proposition. This was the only interview Quick or any one from plaintiff's office had with O'Conor, and no one in plaintiff's employ except Wilson ever met the defendant. At this interview Quick testified that he was acting for Shearer at the conference, and that he was trying to get the best terms he could for Shearer. On January twenty-fifth O'Conor wrote to Shearer, in care of the plaintiff, that the defendant was willing to give him a twenty-one-year lease, the alterations in the property to be made by Shearer at a cost of $17,000, on completion of which the defendant would pay $10,000. Shearer was to give security for doing the work. Thereafter an agreement was prepared in accordance with the terms of this letter and sent to Shearer. Shearer was unable to furnish the security and the transaction was never consummated, and the matter was dropped. Later the defendant determined to alter the premises at his own expense and offered Shearer an opportunity to bid on the contract. Shearer made an arrangment with one Turner, and an

agreement was entered into on March nineteenth. It is on the execution of this contract that plaintiff predicates its right to a commission. This agreement was between the defendant as owner and Shearer and Turner as contractors, and is a contract for the alteration of the building according to certain plans and specifications with numerous details appropriate to such a contract. The contract also provides: "Upon such final completion and certification [of the architect] but not otherwise, the party of the first part [the defendant] will at the same time deliver a lease of said premises for the term of twenty-one years from the date of such delivery, which lease shall be substantially in the form already agreed upon and shall be made to Edward B. Shearer as lessee therein."

On May 18, 1915, Shearer wrote to Mr. O'Conor as follows: "I herewith hand you copy of letter received from the attorney of Mrs. Shearer. For this and other financial reasons I wish to be relieved from my part of contract made March 19th, 1915, in the name of E. B. Shearer and E. A. Turner contractors with H. C. Sturges owner, for alteration of building at 56 East 34th Street, New York City."

On May 26, 1915, the contract was canceled, and a statement to that effect was indorsed thereon. A new contract was made between the defendant, as owner, and Turner and one Lilian Brackett as contractors, and similar in terms and conditions to the contract of March nineteenth with the exception of the substitution of Lilian Brackett in place of Shearer. This latter contract was performed, and a lease made to Lilian Brackett, dated September 21, 1915. This action was commenced on the 2d day of July, 1915.

The defendant at the close of the case moved to dismiss the complaint, and the plaintiff moved for a direction of a verdict. The court denied the defendant's motion, to which an exception was duly taken, and granted plaintiff's motion. In my opinion, this was clearly error.

*First.* The plaintiff failed to show that it had been employed by the defendant. In fact, in the only negotiations in which it participated, it represented Shearer and acted in his interest.

*Second.* Even if the plaintiff had represented the defendant, it did not produce a person able to carry out the contract of

March nineteenth, and hence able to perform the conditions necessary to entitle him to demand a lease. The contract required the performance of personal services by a third party as well as the person whom plaintiff produced. A specific performance thereof could, therefore, not be enforced.

*Third.* As the party it produced was not financially able to carry out the contract, an action for damages would be of no avail.

The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.